### No. 370.—S. RUSS, Tutor, *v.* L. H. WOODHAM.

In this case the tutor caused a partition to be made among the heirs under an order of court, and took the receipt of the agent of the deceased for the minor's interest in a commercial partnership as a final settlement thereof. A succeeding tutor to the minor brought suit for a settlement of the partnership, alleging that the settlement with the tutrix was only provisional. There was no judgment homologating the first partition with the tutrix.

Held—That the plea of *res judicata* was not good, as there was no judgment homologating the partition, and that the plaintiff therefore had the right to show that the settlement was not complete, or that it was erroneous.

APPEAL from the Tenth Judicial District Court, parish of De Soto. *Levisee, J. Elam & Wemple* and *Nutt & Leonard,* for plaintiff and appellant. *Scales & Bullock, S. L. Taylor* and *J. S. Ashton,* for defendant.

This case was tried by a jury in the court below.

HOWELL, J. In January, 1859, L. H. Woodham and H. L. N. Williams formed a commercial partnership in Mansfield, to continue for three years, Williams putting in $6925 and Woodham $2000 as capital. In June, 1861, Williams entered the army of the Confederate States, leaving Woodham in charge of the business. In August, 1862, Woodham entered the same army, leaving one L. Phillips in charge as agent. In July, 1863, Williams was killed, leaving a widow and a minor child. The stock of goods and the collections as made were invested by Woodham and Phillips in cotton in various portions of the

neighborhood. On the return of Woodham at the close of the war in 1865, he set about getting the cotton together, and out of some two hundred bales, secured one hundred and sixty-one, which he sold in that year for $14,635 78 in gold, and made collections to the amount of $1800 in currency, with which he settled up the debts of the partnership, amounting together with interest to $25,377, at an average of forty cents on the dollar. In April, 1868, the widow applied to the court for a family meeting to advise as to her suing Woodham for a partition of the partnership assets. The family meeting assembled and advised the bringing of the suit, and in May the tutrix instituted the suit for partition, and upon the order of the court it was made before the parish recorder, and the receipt of the tutrix, dated May 26, 1868, given to Woodham for the portion allotted to the minor, consisting of $3508 in gold coin and a lot of notes and accounts appraised at $46 89, as "the full and entire share of said minor in said partnership assets," and a final settlement thereof. The tutrix and under tutor expressed themselves at the time satisfied with the statements made then by Woodham of the partnership accounts and affairs, and taken as the basis of the partition. In February, 1871, the present tutor of the minor instituted this suit for a settlement of the partnership, admitting that the tutrix received under said partition one-half said cash and credits, which had been turned over to him by her; but alleging that the partition was only provisional, because not preceded by a settlement of the individual accounts of the members, each being entitled before partition to withdraw the amount of capital put in, or the proportion according to the state of the individual accounts, the amount coming to the minor at the time being greater than the cash received, and charging the defendant with permitting the credits to become worthless or pre-prescribed and failing to account for all the proceeds of the cotton and profits realized, and praying that defendant be ordered to render a full account, that the partition be declared provisional, or if no preceding settlement be necessary to its validity, then that it be set aside for error, and that defendant pay $20,000 to the minor as heir of her deceased father.

The defendant pleaded *res judicata*, and answered that the said settlement and partition were final and satisfactory, averring that the sums recovered by the parties respectively and the amount due him as special compensation for services for attending to and liquidating the partnership affairs, made the shares in the assets equal. A verdict and judgment were given for defendant, and plaintiff appealed.

The plea of *res judicata* is not good, as there was no judgment homologating the partition, if the proceeding be considered a judicial partition as contemplated by the Code; and plaintiff has the right to show that the settlement was not complete, or is erroneous.

There is no evidence that the defendant mismanaged the partnership affairs or failed to account for all the assets. On the contrary, we think the above narrative shows that he was faithful, and to a great extent successful in preserving the interests of the partnership. He probably did not keep as accurate an account of each transaction as prudence might dictate; but in the partition or settlement a liberal spirit was mutually exhibited; and the only practical question really presented in this record is, were the shares of the partners in the assets equal at the date of the settlement in May, 1868 ? The defendant says they were, because the sums drawn respectively by the partners or their representatives up to that time, and the compensation due him for special services when adjusted, made them equal. He does not give the exact amounts drawn by the parties; but it seems that in order to make the shares equal by this computation, his special compensation is estimated at $2500. The evidence does not, however, make it justly more than $1300. There is error, therefore, to the amount of $1200 (the difference) to the prejudice of the minor, for which she should have judgment.

It is therefore ordered that the judgment and verdict herein be set aside, and that plaintiff, as tutor of the minor Rosa A. Williams, recover of the defendant twelve hundred dollars in full settlement of the partnership between the defendant and H. L. N. Williams, deceased, and costs.